IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN HENSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. |
| GENERAL MOTORS LLC, THE HERTZ | § | JURY REQUESTED |
| CORPORATION, HERTZ VEHICLES | § | |
| LLC, AND HERTZ RENT A CAR | § | |
| | § | |
| Defendants. | § | |

DEFENDANT GENERAL MOTORS LLC'S
NOTICE OF REMOVAL

Defendant General Motors, LLC (GM) removes this action from the District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division. Removal is warranted under 28 U.S.C. § 1441 because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, GM alleges and states as follows:

1. On January 16, 2014, Plaintiff filed this action, styled *John Henson vs. General Motors LLC, The Hertz Corporation, Hertz Vehicles LLC and Hertz Rent A Car,* in the District Court for Dallas County, Texas. *See* Plaintiff's Original Petition (Exhibit 1).

2. Plaintiff alleges strict liability and negligence causes of action and seek damages in an unspecified amount.

3. GM was served with process on February 12, 2014.

4. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), as it is filed within 30 days after service of summons upon GM.

5.      This Court embraces the county in which the state court action was filed, and this Court is a proper venue for this action pursuant to 28 U.S.C. § 124(a)(1).

6.      Written notice of the removal will be served on Plaintiff and a copy will be filed with the Clerk of the District Court for Dallas County promptly after this Notice of Removal is filed.

7.      Pursuant to 28 U.S.C. § 1446(a), all other process, pleadings, and orders that have been filed in the state-court action as of the date of the filing of this Notice of Removal are attached as Exhibit 2.

8.      This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because GM has satisfied the procedural requirements for removal and, as demonstrated below, this Court has subject matter jurisdiction over this diversity action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and the only properly joined parties are citizens of different states.

## I.      THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

9.      When the case is one that has been removed from state court, a removing party may show the amount in controversy is met in one of two ways: (1) by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000 or (2) "by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

10.     Plaintiff claims John Henson was injured on January 21, 2012.   *See* Plaintiff's Original Petition at ¶¶ 8 (Exhibit 1).

11.    The matter in controversy exceeds $75,000 in value exclusive of interest and costs.

12.    It is facially apparent that the amount in controversy exceeds the jurisdictional amount. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (district court properly denied plaintiff's motion to remand because it was facially apparent that the claimed damages exceeded $75,000 where plaintiff alleged injuries, medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability).  Plaintiff has alleged that "Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000." *See* Plaintiff's Original Petition at ¶ 8.

13.    Moreover, the facts in controversy in this particular case demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000 in value exclusive of interest and costs. *See Jettie Mae Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).  Plaintiff, in his Original Petition, seeks damages for:

   (1) past and future medical expenses;

   (2)  past and future pain and mental anguish;

   (3) past and future disfigurement; and

   (4) past and future physical impairment related to his injuries.

*See* Plaintiff's Original Petition at ¶ 18 (Exhibit 1).    Plaintiff also seeks exemplary damages. *Id.* at ¶ 19.  Plaintiffs' claim for exemplary damages must be included in the amount in controversy. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

## II.    THE DIVERSITY REQUIREMENT IS SATISFIED

14.    Plaintiff is a citizen of the State of Texas. *See* Plaintiffs' Original Petition, ¶ 2 (Exhibit 1).

15.     GM is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Michigan. The sole member of GM is General Motors Holdings LLC, a Delaware limited liability company with its principal place of business in Michigan. The sole member of General Motors Holdings LLC is General Motors Company, a Delaware corporation with its principal place of business in the State of Michigan. Thus, GM is a citizen of the States of Delaware and Michigan for purposes of determining diversity of citizenship. 28 U.S.C. § 1332(c)(1).

16.     The Hertz Corporation, Hertz Vehicles LLC and Hertz Rent A Car are not residents or citizens of the State of Texas and do not maintain their principal places of business in the State of Texas.

17.     Thus, there is complete diversity as between Plaintiff and Defendants, GM, The Hertz Corporation, Hertz Vehicles LLC and Hertz Rent A Car.

18.     In addition, The Hertz Corporation, Hertz Vehicles LLC and Hertz Rent A Car consent to this Removal.

Based on the foregoing, GM removes this action from the District Court for Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division.

WHEREFORE PREMISES CONSIDERED, Defendant General Motors, LLC respectfully requests that this action now pending against it be removed from the District Court of Dallas County, Texas, to the Honorable Court for trial and determination of all issues.

Respectfully submitted,

PENNINGTON HILL, LLP


/s/  Daniel C. Steppick
Daniel C. Steppick
Texas Bar No. 00791732
509 Pecan Street, Suite 101
Fort Worth, Texas 76102
Phone: 817-332-5055
Facsimile: 817-332-5054
dsteppick@phblaw.com


and


Mary Quinn Cooper, OBA No. 11966
Andrew L. Richardson, OBA No. 16298
**MCAFEE & TAFT**
1717 S. Boulder Avenue, Ste 900
Tulsa, OK  74119
maryquinn.cooper@mcafeetaft.com
andrew.richardson@mcafeetaft.com
(918) 587-0000 (Tel)

## CERTIFICATE OF SERVICE

On this 4th day of March, 2014, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b) (2).

R. Christopher Cowan
THE COWAN LAW FIRM
209 Henry Street
Dallas, Texas  75226-1819

/s/  Daniel C. Steppick
Daniel C. Steppick