B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOHN HENSON,                          §
                                      §
          Plaintiff,                  §
                                      §
v.                                    §
                                      §        Case No._____
GENERAL MOTORS LLC, THE HERTZ         §        JURY REQUESTED
CORPORATION, HERTZ VEHICLES           §
LLC, and HERTZ RENT A CAR,            §
                                      §
                                      §
          Defendants.                 §

### Index of Documents Filed in State Court

| No. | Date | Description |
|-----|------|-------------|
| B-1 | 1-16-14 | State Court Civil Cover Sheet |
| B-2 | 1-16-14 | Plaintiff's Original Petition and Request for Disclosure |
| B-3 | 1-21-14 | Citation – General Motors (GM) |
| B-4 | 1-21-14 | Citation – The Hertz Corporation |
| B-5 | 1-21-14 | Citation – Hertz Vehicles LLC |
| B-6 | 1-21-14 | Citation – Hertz Rent A Car |
| B-7 | 3-3-14 | Motion to Transfer Venue and Original Answer (GM) |
| B-8 | 3-3-14 | Jury Demand – General Motors (GM) |

**B-1**

FILED
DALLAS COUNTY
1/16/2014 11:04:13 AM
GARY FITZSIMMONS
DISTRICT CLERK

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* **DC-14-00436**          Court *(FOR CLERK USE ONLY):* _____

STYLED: *HENSON v. GENERAL MOTORS LLC, THE HERTZ CORPORATION, HERTZ VEHICLES LLC, AND HERTZ RENT A CAR*
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| | | |
|---|---|---|
| Name:<br>R. CHRIS COWAN | Email:<br>CHRIS@COWANLAW.NET | |
| Address:<br>209 HENRY STREET | Telephone:<br>214-826-1900 | |
| City/State/Zip:<br>DALLAS, TX 75226-1819 | Fax:<br>214-826-8900 | |
| Signature:<br>S/ R. CHRIS COWAN | State Bar No:<br>00787294 | |

**Names of parties in case:**

Plaintiff(s)/Petitioner(s):

JOHN HENSON

Defendant(s)/Respondent(s):

GENERAL MOTORS LLC, THE HERTZ CORPORATION, HERTZ VEHICLES LLC, and HERTZ RENT A CAR

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**
- [X] Attorney for Plaintiff/Petitioner
- [ ] Pro Se Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other: _____

### 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | |
|---|---|---|---|---|

**Civil**

*Contract*

**Contract**

*Debt/Contract*
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract: ___

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract: ___

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation

*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability: ___
- [ ] Motor Vehicle Accident
- [ ] Premises

*Product Liability*
- [ ] Asbestos/Silica
- [X] Other Product Liability List Product: DEFECT
- [ ] Other Injury or Damage: ___

**Real Property**
- [ ] Eminent Domain/ Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property: ___

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus— Pre-indictment
- [ ] Other: ___

**Family Law**

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void

*Divorce*
- [ ] With Children
- [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other: ___

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child: ___

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment: ___

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other: ___

**Tax**
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

**Probate & Mental Health**

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings
- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other: ___

### 3. Indicate procedure or remedy, if applicable (may select more than 1):
- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

### 4. Indicate damages sought (do not select if it is a family law case):
- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100,000 but not more than $200,000
- [X] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

# B-2

FILED
DALLAS COUNTY
1/16/2014 11:04:13 AM
GARY FITZSIMMONS
DISTRICT CLERK

DC-14-00436

NO.

| | | |
|---|---|---|
| JOHN HENSON, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| GENERAL MOTORS LLC, THE HERTZ | § | DALLAS COUNTY, TEXAS |
| CORPORATION, HERTZ VEHICLES | § | |
| LLC, and HERTZ RENT A CAR, | § | |
| | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

For his Original Petition and Request for Disclosure, Plaintiff respectfully states:

### LEVEL III CASE

1.    Plaintiff request that this case be categorized as a Level III case pursuant to the Texas

Rules of Civil Procedure.

### PARTIES

2.    Plaintiff is a resident of Plano, Collin County, Texas at the time of the incident giving rise

to this case.

3.    Defendant, General Motors LLC is a Foreign Limited Liability Company (LLC) formed

under the laws of the State of Delaware.  General Motors LLC is and was at all relevant

times doing business in the State of Texas by selling, manufacturing and distributing

motor vehicles through its distributors and sales force.  General Motors LLC maintains its

principal place of business in Texas in Dallas County.  Service of process on this

Defendant can be completed by serving its registered agent, CORPORATION SERVICE

COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY 211

E. 7TH STREET, SUITE 620, AUSTIN, TX 78701-4234.

4.    Defendant, The Hertz Corporation, is a foreign corporation formed under the laws of the

State of Delaware.  The Hertz Corporation is and was at all relevant times doing business

in the State of Texas and Dallas County.  Service of process on this Defendant can be

completed by serving its registered agent:  THE CORPORATION TRUST COMPANY,

CORPORATION TRUST CENTER, 1209 ORANGE ST., WILMINGTON, DE  19801.

5.    Defendant, Hertz Vehicles LLC, is a Foreign Limited Liability Company (LLC) formed

under the laws of the State of Delaware.  Hertz Vehicles LLC is and was at all relevant

times doing business in the State of Texas by suppling, renting, and distributing motor

vehicles in accordance with Chapter 2301 of the Texas Occupation Code through its

rental centers including the one at issue at the Dallas-Fort Worth Airport.  Service of

process on this Defendant can be completed by serving its registered agent, C T

CORPORATION SYSTEM, 350 N. ST. PAUL ST., STE. 2900, DALLAS, TX 75201.

6.    Defendant Hertz Rent a Car is not a natural person but is and was at all relevant times

doing business in the State of Texas by suppling, renting, and distributing motor vehicles

through its rental center the Dallas-Fort Worth Airport and was at all relevant times doing

business in Texas in accordance with Chapter 2301 of the Texas Occupation Code.

Service of process on this Defendant may be completed by serving: HERTZ RENT A

CAR, 225 BRAE BLVD., PARK RIDGE, NEW JERSEY 07656-1870.

## VENUE AND JURISDICTION

7.    Venue is proper in Dallas County pursuant to §15.002(a)(3) of the Texas Civil Practice &
      Remedies Code because General Motors Corporation maintains its principal office in
      Texas in Dallas County.

8.    As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that
      the damages sought are in an amount within the jurisdictional limits of this Court.  As
      required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that
      Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.  The  amount
      of monetary relief actually awarded, however, will ultimately be determined by a jury.
      Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate."

## ALLEGATIONS OF FACT

9.    On January 21, 2012 John Henson was in the driver's seat of a 2011 Cadillac DTS.  The
      engine was not running and the transmission selector was in Park.  The side airbags
      unexpectedly deployed despite the lack of any crash scenario.

10.   Hertz has begun a claim under number 22 2012 02387i and General Motors has opened
      an ESIS file number 742005.

## CAUSES OF ACTION

11.   The occurrence made the basis of this suit and the resulting injuries and damages were
      proximately caused by the negligent conduct of the Defendant, General Motors LLC.
      Defendant General Motors LLC was negligent in manufacturing and/or designing the
      Cadillac DTS.  This negligence compromised the airbag system, its sensors and the
      sensing and diagnostic module or  SDM.  Such acts and omissions were a proximate

cause of Plaintiffs' losses.

12.     **Gross Negligence.** General Motors Corporation's conduct as described in this petition

when viewed objectively from the standpoint of Defendant involved an extreme degree of

risk, considering the probability and magnitude of the potential harm to Plaintiffs.

Defendant General Motors LLC had actual, subjective awareness of the risk involved, but

nevertheless proceeded in conscious indifference to the rights, safety, or welfare of

Plaintiff.

13.     **Strict Liability.** At all times relevant to this lawsuit, all Defendants were involved as

part of its business in designing, manufacturing, distributing, suppling, renting, leasing,

and selling or otherwise placing in the stream of commerce Cadillac DTS vehicles by

transactions that are essentially commercial in character.

14.     At the time the Cadillac DTS left the possession of Defendants, it contained one or more

design defects in its airbag system, its sensors and/or the SDM.  Defendant General

Motors LLC designed the Chevrolet Cadillac DTS defectively in that safer alternative

designs existed, but were not utilized by General Motors LLC.  These design defects

rendered the Cadillac DTS unreasonably dangerous, taking into consideration the utility

of the product and the risk involved in its use.  The defects existed at the time the

Cadillac DTS left the possession of Defendants and the Cadillac DTS was expected to,

and did, reach the Plaintiff without substantial change in its condition.  The defects in

design were a producing cause of Plaintiff's injuries and damages.

15.     There were safer alternative designs.  At the time the Cadillac DTS left General Motors'

control, the application of existing or reasonably achievable scientific knowledge would

have yielded economically and technologically feasible designs other than the ones used

relevant to the defects of the Cadillac DTS. The use of these other safer designs would

have prevented or significantly reduced the risk of the Plaintiff's injuries and damages

without substantially impairing the Cadillac DTS' utility.

16.     **Marketing.** Defendants marketed the Cadillac DTS defectively in that they failed to warn

of dangers or risk of harm, failed to adequately warn, failed to provide instructions for

safe use, and/or failed to provide adequate instructions for safe use of the Cadillac DTS.

The defects rendered the Cadillac DTS unreasonably dangerous.

17.     Defendant General Motors LLC failed to give adequate warnings of the Cadillac DTS'

dangers that were known or by the application of reasonably developed human skill and

foresight should have been known or failed to give adequate instructions to avoid such

dangers, which failure rendered the product unreasonably dangerous as marketed.  The

defects in marketing were a producing cause of Plaintiff's injuries and damages.

## DAMAGES

18.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff

has sustained damages. These include damages that are, in reasonable probability,

permanent in nature.  These damages to Plaintiff are as follows:

a.     medical bills in the past and in reasonable probability in the future;
b.     pain and mental anguish in the past and in reasonable probability pain and
       mental anguish in the future;
c.     disfigurement in the past and in reasonable probability disfigurement in the future;
       and
d.     physical impairment in the past and in reasonable probability physical impairment
       in the future.

## EXEMPLARY DAMAGES

19.     As a result of the above-described acts and/or omissions of General Motors LLC

complained hereinabove, Plaintiff prays for judgment against such Defendant for

exemplary damages in an amount within the jurisdictional limits of this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests Defendants

be cited to appear and answer herein and upon trial of this matter, the Defendants be ordered to

pay Plaintiffs' damages as described above plus interest thereon, reasonable and necessary

attorney's fees, costs of Court, and for such other relief, both general and specific, in law and

equity to which Plaintiff may show himself entitled.

Respectfully submitted,

THE COWAN LAW FIRM


            S/ R. Chris Cowan
R. Christopher Cowan
Texas Bar No. 00787294
209 Henry Street
Dallas, Texas 75226-1819
214/826-1900
214/826-8900 Fax

**ATTORNEY FOR PLAINTIFF**

**B-3**

# FORM NO. 353-3 - CITATION

# THE STATE OF TEXAS

To:
GENERAL MOTORS LLC
BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY
211 E 7TH STREET SUITE 620
AUSTIN TX 78701-4234

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **298th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JOHN HENSON**

Filed in said Court **16th day of January, 2014** against

**GENERAL MOTORS LLC ET AL**

For Suit, said suit being numbered **DC-14-00436**, the nature of which demand is as follows:
Suit on **OTHER PRODUCT LIABILITY** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 21st day of January, 2014.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By_____ Deputy
ANGIE AVINA



---

**ATTY**

# CITATION

## DC-14-00436

**JOHN HENSON**
vs.
**GENERAL MOTORS LLC**
et al

ISSUED THIS
**21st day of January, 2014**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: ANGIE AVINA, Deputy

**Attorney for Plaintiff**
ROBERT C COWAN
THE COWAN LAW FIRM
209 HENRY STREET
DALLAS TX 75226-1819
214-826-1900

DALLAS COUNTY CONSTABLE
FEES
PAID

# OFFICER'S RETURN

Case No. : DC-14-00436

Court No.298th District Court

Style: JOHN HENSON

vs.

GENERAL MOTORS LLC et al

_____

Came to hand on the _____ day of _____, 20____ at _____ o'clock _____.M. Executed at

within the County of _____ at _____ o'clock _____.M. on the _____ day of

20_____ by delivering to the within named

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

For serving Citation    $ _____    _____ of _____ County.

For mileage              $ _____    By _____

For Notary               $ _____    _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20____

to certify which witness my hand and seal of office.

Notary Public _____

_____ County

**B-4**

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**THE HERTZ CORPORATION**
**BY SERVING ITS REGISTERED AGENT THE CORPORATION TRUST COMPANY**
**CORPORATION TRUST CENTER**
**1209 ORANGE ST**
**WILMINGTON DE 19801**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **298th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JOHN HENSON**

Filed in said Court **16th day of January, 2014** against

**GENERAL MOTORS LLC ET AL**

For Suit, said suit being numbered **DC-14-00436**, the nature of which demand is as follows:
Suit on **OTHER PRODUCT LIABILITY** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 21st day of January, 2014.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By: _____
ANGIE AVINA

_____ , Deputy



---

**ATTY**

# CITATION

## DC-14-00436

**JOHN HENSON**
vs.
**GENERAL MOTORS LLC**
**ET AL**

ISSUED THIS
**21st day of January, 2014**

By: ANGIE AVINA, Deputy

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

**Attorney for Plaintiff**
ROBERT C COWAN
THE COWAN LAW FIRM
209 HENRY STREET
DALLAS TX 75226-1819
214-826-1900

DALLAS COUNTY CONSTABLE
FEES PAID
FEES NOT PAID

# OFFICER'S RETURN

Case No. : DC-14-00436

Court No.298th District Court

Style: JOHN HENSON

vs.

GENERAL MOTORS LLC et al

Came to hand on the _____ day of _____, 20_____ at _____ o'clock _____ .M. on the _____

within the County of _____, at _____ o'clock _____ .M. Executed at _____ day of _____

20_____ by delivering to the within named _____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation    $ _____    _____

For mileage             $ _____    of _____ County,

For Notary              $ _____    By _____

(Must be verified if served outside the State of Texas.)    _____ Deputy

Signed and sworn to by the said _____

to certify which witness my hand and seal of office.    before me this _____ day of _____, 20_____

_____

Notary Public. _____ County

**B-5**

**FORM NO. 353-3 - CITATION**

**THE STATE OF TEXAS**

To:

HERTZ VEHICLES LLC
BY SERVING ITS REGISTERED AGENT CT CORPORATION
350 N ST PAUL ST STE 2900
DALLAS TX 75201

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may be
taken against you. Your answer should be addressed to the clerk of the **298th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JOHN HENSON**

Filed in said Court **16th day of January, 2014** against

**GENERAL MOTORS LLC ET AL**

For Suit, said suit being numbered **DC-14-00436**, the nature of which demand is as follows:
Suit on **OTHER PRODUCT LIABILITY** etc. as shown on said petition **REQUEST FOR
DISCLOSURE**, a copy of which accompanies this citation.  If this citation is not served, it shall be
returned unexecuted.

**WITNESS:** GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 21st day of January, 2014.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By_____
ANGIE AVINA                    Deputy

---

ATTY

**CITATION**

**DC-14-00436**

**JOHN HENSON**
vs.
**GENERAL MOTORS LLC et al**

ISSUED THIS
**21st day of January, 2014**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: ANGIE AVINA, Deputy

**Attorney for Plaintiff**
ROBERT C COWAN
THE COWAN LAW FIRM
209 HENRY STREET
DALLAS TX 75226-1819
214-826-1900

DALLAS COUNTY CONSTABLE
FEES PAID
FEES NOT PAID

# OFFICER'S RETURN

Case No. : DC-14-00436

Court No.298th District Court

Style: JOHN HENSON

vs.

GENERAL MOTORS LLC et al

Came to hand on the _____ day of _____, 20_____ at _____ o'clock _____ o'clock _____ .M. Executed at _____

within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation          $ _____

For mileage                       $ _____          of _____ County, _____

For Notary                        $ _____

                                          (Must be verified if served outside the State of Texas.)          By _____

Signed and sworn to by the said                                                                                                     Deputy

_____ before me this _____ day of _____, 20_____

to certify which witness my hand and seal of office.

_____

Notary Public _____ County

**B-6**

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:
**HERTZ RENT A CAR**
**225 BRAE BLVD**
**PARK RIDGE NJ 07656-1870**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **298th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JOHN HENSON**

Filed in said Court **16th day of January, 2014** against

**GENERAL MOTORS LLC ET AL**

For Suit, said suit being numbered **DC-14-00436,** the nature of which demand is as follows:
Suit on **OTHER PRODUCT LIABILITY** etc. as shown on said petition **REQUEST FOR DISCLOSURE,** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 21st day of January, 2014.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By: _____
    ANGIE AVINA, Deputy



---

**ATTY**

# CITATION

## DC-14-00436

**JOHN HENSON**
vs.
**GENERAL MOTORS LLC et al**

ISSUED THIS
21st day of January, 2014

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: ANGIE AVINA, Deputy

**Attorney for Plaintiff**
ROBERT C COWAN
THE COWAN LAW FIRM
209 HENRY STREET
DALLAS TX 75226-1819
214-826-1900



DALLAS COUNTY CONSTABLE
FEES PAID
FEES NOT PAID

# OFFICER'S RETURN

Case No. : DC-14-00436

Court No.298th District Court

Style: JOHN HENSON

vs.

GENERAL MOTORS LLC et al

Came to hand on the _____ day of _____ 20 _____ at _____ o'clock _____ .M. Executed at _____

within the County of _____ at _____ o'clock _____ .M. on the _____ day of

20 _____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

For serving Citation   $ _____

For mileage            $ _____        of _____ County, _____

For Notary             $ _____        By _____ Deputy

                       (Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____

before me this _____ day of _____, 20 _____

to certify which witness my hand and seal of office.

_____
Notary Public _____ County

**B-7**

FILED
DALLAS COUNTY
3/3/2014 9:27:47 AM
GARY FITZSIMMONS
DISTRICT CLERK

## CAUSE NO. DC-14-00436

| | | |
|---|---|---|
| JOHN HENSON, | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| GENERAL MOTORS, LLC, | § | |
| THE HERTZ CORPORATION, | § | |
| HERTZ VEHICLES, LLC and | § | |
| HERTZ RENT A CAR | § | |
| **Defendants.** | § | **298ᵗʰ JUDICIAL DISTRICT** |

## DEFENDANT GENERAL MOTORS, LLC'S MOTION TO TRANSFER VENUE AND ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Defendant General Motors, LLC ("GM"), and files its Motion to Transfer Venue and subject thereto, its Original Answer to Plaintiff's Original Petition, and would show the Court the following:

### I.
### Motion to Transfer Venue

1.     Plaintiff filed this action on or about January 16, 2014. Defendant GM objects to venue in Dallas County. Venue for this action is not proper in Dallas County. There is no Dallas County connection to the incident that forms the basis of Plaintiff's claims. Plaintiff has failed to plead a single venue fact that would place venue in Dallas County. Dallas is not a county of proper venue for this case.

2.     Plaintiff resides in Collin County Texas. None of the Defendants reside in Dallas County, Texas, nor do they maintain in Dallas County their principal offices in this state. Upon information, the January 21, 2012, incident in which Plaintiff alleges he was injured took place

in Collin County, Texas.   None of the events or omissions giving rise to Plaintiff's claims occurred, in whole or in part, in Dallas County.   Venue is not proper in Dallas County.

     3.     Venue is proper in Collin County, Texas where the incident in question took place.   This case should be transferred to the District Court in Collin County, Texas.

**A.    Objections to Venue**

     Defendants object to venue in Dallas County and to all venue facts, if any, alleged in Plaintiff's Original Petition as follows:

     1.     Plaintiff has wholly failed to allege any venue facts that would place venue in Dallas County;

     2.     No mandatory venue provision has been pleaded, nor does any mandatory venue provision apply to this action;

     3.     Defendant GM does not maintain its principal office in this state in Dallas County, Texas, as alleged by Plaintiff in Paragraphs 3 and 7 of Plaintiff's Original Petition.   GM is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Michigan.   The sole member of GM is General Motors Holdings, LLC, a Delaware limited liability company with its principal place of business in Michigan.   The sole member of General Motors Holdings LLC is General Motors Company, a Delaware corporation with its principal place of business in the state of Michigan;

     4.     Defendants Hertz Vehicles, LLC, The Hertz Corporation and Hertz Rent A Car are not residents of Dallas County, nor do they maintain in Dallas County their principal places of business in this state;

     5.     None of the events giving rise to Plaintiff's claims occurred in Dallas County;

6.      The incident that forms the basis of Plaintiff's claims occurred in Collin County, Texas. Plaintiff has not alleged any material event that occurred in Dallas County;

7.      Plaintiff is a resident of Collin County, Texas; and,

8.      All or a substantial part of the events or omissions giving rise to the claim occurred in Collin County, Texas.

**B.      Applicable Law**

Under the general venue rule, all lawsuits shall be brought:

"(1) In the County in which all or substantial part of the events or omissions giving rise to the claim occurred;

(2) In the County of Defendant's residence at the time the cause of action occurred if Defendant is a natural person;

(3) In the County of the Defendant's principal office in this State, if the Defendant is not a natural person; or

(4) If Subdivisions (1), (2) and (3) do not apply, in the County in which the Plaintiff resided at the time of the accrual of the cause of action."

TEX. CIV. PRAC. REM. CODE Sec. 15.002 (a).

**C.      Venue Should be Transferred to Collin County**

None of the above venue provisions would place venue of this action in Dallas County. Provision (1) of the above rule properly places venue of this case in Collin County. Pursuant to TEX. CIV. PRAC. REM. CODE Sec. 15.003 and TEX. R. CIV. PROC. 86, Defendant asks that the Court transfer venue of this case to the District Courts of Collin County, Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant GM requests that this matter be set for hearing, and that upon the completion of the hearing the Court grant Defendant GM's

Motion to Transfer Venue and transfer this case to the District Court in Collin County, Texas, taxing costs incurred herein against Plaintiff; and that Defendant GM have such other and further relief as to which it may be justly entitled.

## II.
## Original Answer

Subject to and without waiving its Motion to Transfer Venue or any other substantive or procedural rights, Defendant GM files this Original Answer and would respectfully show the Court the following:

### A.    General Denial

Defendant GM generally denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof as allowed by the laws of the State of Texas.  By this general denial, Defendant GM would require Plaintiff to prove every fact to support the claims in his Original Petition by at least a preponderance of the evidence and according to higher standards of proof where applicable under Texas law.

### B.    Affirmative Defenses

1.    Alternatively, or as an affirmative defense, Defendant GM would show that the comparative conduct of Plaintiff and/or other third parties was a proximate intervening, supervening, producing, contributing and/or sole proximate cause of the occurrence in question and any damages that may have been sustained by Plaintiff on the occasion in question.

2.    Alternatively, or as an affirmative defense, the accident in question was the result of the acts and/or omissions of other persons or parties outside the control of Defendant GM. Defendant GM is entitled to a determination of the percentage of responsibility of all such persons pursuant to Chapter 33 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, including, but not limited to, submission of each Plaintiff, settling person, contribution Defendant, and

Third Party Defendant and/or responsible third party pursuant to Chapter 33 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. Defendant GM is entitled to all benefits, credits and privileges of Chapter 33 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

3.    Alternatively, or as an affirmative defense, the subject 2011 Cadillac DTS may have undergone unforeseeable substantial change and/or modification subsequent to the time it left the control and possession of GM, and the same is raised as a complete defense to some or all of Plaintiff's claims for damages.

4.    Alternatively, or as an affirmative defense, GM alleges that the product was at all times reasonably fit and suitable for the purposes for which it was distributed, and GM denies that such products were in any way defective for the use for which it was distributed.

5.    Alternatively, or as an affirmative defense, Plaintiff's claims contained within Plaintiff's Original Petition fail to state a claim upon which relief may be granted against GM.

6.    Alternatively, or as an affirmative defense, Plaintiff's claims are subject to the restrictions found in TEXAS CIVIL PRACTICE AND REMEDIES CODE § 82.001, *et seq.*

7.    Alternatively, or as an affirmative defense, Plaintiff's claims for medical expense damages are subject to the restrictions found in TEXAS CIVIL PRACTICE AND REMEDIES CODE § 41.0105, *et seq.*

8.    Alternatively, or as an affirmative defense, Defendant GM would further show that the 2011 Cadillac DTS made the basis of Plaintiff's suit, complied with all applicable safety standards. TEX. CIV. PRAC. & REM. CODE §82.008(a).

9.    Alternatively, or as an affirmative defense, Defendant GM alleges that it is entitled to the limitations on any award of exemplary damages, pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE, Section 41.008 and all other rights provided in the provisions of

Chapter 41 of the Texas Civil Practices and Remedies Code, including, but not limited to, limitation, preclusion and burden of proof.

10.     Alternatively, or as an affirmative defense, Defendant GM would further show that the claims of Plaintiff for exemplary damages are unconstitutionally vague and, accordingly, any claims of Plaintiff against Defendant GM should be proved beyond a reasonable doubt under the Sixth Amendment of the United States Constitution as opposed to a mere preponderance of the evidence.  Alternatively, the burden of proof should at least require no less than Plaintiff proving his case by clear and convincing evidence.

11.     Alternatively, or as an affirmative defense, Defendant GM pleads the defense of unconstitutionality, in that any award of punitive or exemplary damages would constitute the imposition of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, and similar provisions of the Texas Constitution.  Furthermore, the imposition of such punitive or exemplary damages constitutes an excessive fine under the Eighth Amendment, denies Defendant GM equal protection of the law under the Fourteenth Amendment, and violates the due process clauses of the Fifth and Fourteenth Amendments.  Defendant GM pleads that any claim by Plaintiff for punitive or exemplary damages should be stricken as unconstitutional and that any award of punitive or exemplary damages should be set aside for the reasons stated above.  Defendant GM further pleads that Plaintiff's claims for punitive damages should be stricken in the absence of Plaintiff making some prima facie showing supporting such claims.

12.     Alternatively, or as an affirmative defense, Defendant GM would show that the imposition of punitive damages sought by Plaintiff violates Defendant GM's rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution,

to due course of law and equal protection under Article 1, sections 3 and 19 of the Texas Constitution, and the prohibition against excessive fines in Article 1, section 13 of the Texas Constitution, in that:

(a)     Texas law and the Texas punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of an award. Texas law and the Texas punitive damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

(b)     Defendant GM had no notice of or means of ascertaining whether, or if so in what amount, it might be subject to a penalty for the conduct alleged by Plaintiff in this case.  That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Defendant GM to punitive damages or as to the potential amount of such an award.

(c)     Under Texas law and the Texas punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed.

(d)     Under Texas law and the Texas punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant.

(e)     No provision of Texas law or the Texas punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Pacific Mutual Life Insurance Company v. Haslip*, 499 U.S.1 (1990), and *Matthews v. Eldridge*, 424 U.s. 319 (1976) for the imposition of a punitive award.

(f)     Texas law and the Texas punitive damage scheme do not provide for adequate post-trial review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.

(g)     Texas law and the Texas punitive damage scheme do not provide for adequate appellate review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.  Those inadequacies are compounded by the constraints upon review of such awards by the Texas Supreme Court, including Article 5, section 6 of the Texas Constitution and section 22.225 of the Texas Government Code.

(h)     In the admission of evidence, the standards provided the trier of fact (including jury instructions), and post-trial and appellate review, Texas law and the Texas punitive damage scheme, including sections 41.001 through 41.013 of the Texas Civil Practice & Remedies Code, place undue emphasis on a defendant's wealth as a basis for making and enhancing a punitive damage award, and do not require that the award not be based on any desire to redistribute wealth.

(i)     Under Texas law and the Texas punitive damage scheme, there is no limit on the number of times defendants could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

13.     Alternatively, or as an affirmative defense, Defendant GM would show that the net effect of Texas's punitive damage system is to impose punitive damages in an arbitrary and

discriminatory manner. The lack of adequate guidelines or review and undue emphasis on defendant's wealth inevitably lead to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose or interest. As a result, the federal and state (U.S. Const. Amend 14; Texas Const. Art. 1, §3) constitutional mandates for equal protection are violated. Insofar as the lodestone of the Texas punitive damage system is in the depth of the defendant's pockets, that invidious discrimination is itself an affront to the federal and state constitutions' equal protection mandates.

14.    Alternatively, or as an affirmative defense, Defendant GM would show that insofar as the punitive damage award sought by Plaintiff seeks to impose punitive damages under Texas law for conduct in other states, the award violates:

(a)    Defendant GM's rights to due process and due course of law under the Fourteenth Amendment of the United States Constitution and Article 1, section 19 of the Texas Constitution;

(b)    the dormant or negative commerce clause derived from Article 1, section 8, clause 3 of the United States Constitution;

(c)    the Full Faith and Credit Clause of Article IV, section 1 of the United States Constitution;

(d)    the requirement of the United States Constitution that a state respect the autonomy of other states within their spheres; and

(e)    the prohibition against excessive fines in Article 1, section 13 of the Texas Constitution.

15.    Alternatively, or as an affirmative defense, Defendant GM would show that by virtue of section 41.008 of the Texas Civil Practice & Remedies Code, any award of punitive

damages is subject to the cap specified in that section and any award in excess of that cap must be reduced accordingly.

16.    Defendant GM hereby respectfully requests that a court reporter attend and properly report all sessions of the Court in connectin with this cause. Texas Government Code §52.046.

WHEREFORE, subject to its previously filed motion to transfer venue, Defendant General Motors, LLC prays that Plaintiff takes nothing, for costs, and for such other and further relief to which Defendant GM may show itself to be justly entitled, either at law or in equity.

Respectfully submitted,

By: _____
DANIEL C. STEPPICK
Texas Bar No. 00791732

**PENNINGTON HILL, LLC**
509 Pecan Street, Suite 101
Fort Worth, Texas 76102
(817) 332-5055 (Tel)
(817) 332-5054 (Fax)
E-mail: dsteppick@phblaw.com

Mary Quinn Cooper
maryquinn.cooper@mcafeetaft.com
Andrew Richardson
andrew.richardson@mcafeetaft.com
**MCAFEE & TAFT, P.C.**
1717 S. Boulder, Ste 900
Tulsa, Oklahoma 74119
(918) 574-3066
FAX:  (918) 574-3166

ATTORNEYS FOR DEFENDANT
GENERAL MOTORS, LLC

## CERTIFICATE OF SERVICE

This is to certify that on the 3rd day of March, 2014, the foregoing document has been served on all counsel of record by a manner pursuant to the Texas Rules of Civil Procedure.

*Via Facsimile (214) 826-8900 and*
*Via Certified Mail, Return Receipt Requested*
R. Christopher Cowan
The Cowan Law Firm
209 Henry Street
Dallas, Texas 75226-1819
chris@cowanlaw.com

_____
DAN STEPPICK

**B-8**

FILED
DALLAS COUNTY
3/3/2014 3:45:16 PM
GARY FITZSIMMONS
DISTRICT CLERK

CAUSE NO. DC-14-00436

| | | |
|---|---|---|
| JOHN HENSON, | § | IN THE DISTRICT COURT OF |
| **Plaintiff,** | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| GENERAL MOTORS, LLC, | § | |
| THE HERTZ CORPORATION, | § | |
| HERTZ VEHICLES, LLC and | § | |
| HERTZ RENT A CAR | § | |
| **Defendants.** | § | 298th JUDICIAL DISTRICT |

## DEFENDANT GENERAL MOTORS, LLC'S DEMAND FOR JURY TRIAL

Defendant General Motors, LLC makes this demand for jury trial more than 30 days before the date this case is set for trial, in accordance with Texas Rules of Civil Procedure.

Respectfully submitted,

By: _____
DANIEL C. STEPPICK
Texas Bar No. 00791732

**PENNINGTON HILL, LLC**
509 Pecan Street, Suite 101
Fort Worth, Texas 76102
(817) 332-5055 (Tel)
(817) 332-5054 (Fax)
E-mail: dsteppick@phblaw.com

Mary Quinn Cooper
maryquinn.cooper@mcafeetaft.com
Andrew Richardson
andrew.richardson@mcafeetaft.com
**MCAFEE & TAFT, P.C.**
1717 S. Boulder, Ste 900
Tulsa, Oklahoma 74119
(918) 574-3066
FAX:  (918) 574-3166

ATTORNEYS FOR DEFENDANT
GENERAL MOTORS, LLC

## CERTIFICATE OF SERVICE

This is to certify that on the 3rd day of March, 2014, the foregoing document has been served on all counsel of record by a manner pursuant to the Texas Rules of Civil Procedure.

***Via Facsimile (214) 826-8900***
R. Christopher Cowan
The Cowan Law Firm
209 Henry Street
Dallas, Texas 75226-1819
chris@cowanlaw.com


_____
DAN STEPPICK

Case 3:14-cv-00811-L   Document 1-2   Filed 03/04/14   Page 39 of 39   PageID 52 CaseID=4863879

Location : All District Civil Courts    Images  Help

# REGISTER OF ACTIONS
## CASE NO. DC-14-00436

| JOHN HENSON vs. GENERAL MOTORS LLC at al | § § § § § | Case Type: | OTHER PRODUCT LIABILITY |
| | | Date Filed: | 01/16/2014 |
| | | Location: | 298th District Court |

---

### PARTY INFORMATION

| | | | Lead Attorneys |
|---|---|---|---|
| DEFENDANT | GENERAL MOTORS LLC | | DANIEL C STEPPICK |
| | | | *Retained* |
| | | | 817-332-5055(W) |
| DEFENDANT | HERTZ RENT A CAR | | |
| DEFENDANT | HERTZ VEHICLES LLC | | |
| DEFENDANT | THE HERTZ CORPORATION | | |
| PLAINTIFF | HENSON, JOHN | | ROBERT C COWAN |
| | | | *Retained* |
| | | | 214-826-1900(W) |

---

### EVENTS & ORDERS OF THE COURT

| | OTHER EVENTS AND HEARINGS | |
|---|---|---|
| 01/16/2014 | NEW CASE FILED (OCA) - CIVIL | |
| 01/16/2014 | ORIGINAL PETITION | |
| | *CASE FILING COVER SHEET* | |
| 01/16/2014 | CASE FILING COVER SHEET | |
| | *COVER SHEET* | |
| 01/16/2014 | ISSUE CITATION | |
| 01/21/2014 | CITATION | |
| | *AA/ATTY* | |
| | GENERAL MOTORS LLC | Unserved |
| | THE HERTZ CORPORATION | Unserved |
| | HERTZ RENT A CAR | Unserved |
| | HERTZ VEHICLES LLC | Unserved |
| 03/03/2014 | ORIGINAL ANSWER - GENERAL DENIAL | |
| 03/03/2014 | JURY DEMAND | |
| | *Jury Demand - $30* | |

---

### FINANCIAL INFORMATION

| | **DEFENDANT** GENERAL MOTORS LLC | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | 30.00 |
| | Total Payments and Credits | | | 30.00 |
| | **Balance Due as of 03/04/2014** | | | **0.00** |
| 03/04/2014 | Transaction Assessment | | | 30.00 |
| 03/04/2014 | CREDIT CARD - TEXFILE (DC) | Receipt # 12358-2014-DCLK | GENERAL MOTORS LLC | (30.00) |

| | **PLAINTIFF** HENSON, JOHN | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | 333.00 |
| | Total Payments and Credits | | | 333.00 |
| | **Balance Due as of 03/04/2014** | | | **0.00** |
| 01/16/2014 | Transaction Assessment | | | 333.00 |
| 01/16/2014 | CREDIT CARD - TEXFILE (DC) | Receipt # 2627-2014-DCLK | HENSON, JOHN | (333.00) |

1 of 1